*Watts* for plaintiff.

---

### ROWLETT vs. SHEPHERD.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court.

The plaintiff appealed from an order for setting aside a writ of seizure and sale.

The counsel for the defendant and appel-

The notice in the 735th and 736th articles of the Code of Practice, is that which the Sheriff is to give to the defendant, before seizure.

7NS513
123 388

VOL. VII. N. S. 65

Eastern Dist
*March* 1829.

ROWLETT
*vs.*
SHEPHERD.

The act of 1828 has repealed those parts of the former laws which required an assignee to prove the consideration of the assignment before he obtained a writ of seizure.

The authority of a sworn attorney is always presumed.

The demand which must precede the seizure, is the only notice required before payment be enforced by a writ of seizure, by an assignee.

That part of the old code, which required the plaintiff's oath before a writ of seizure issued, is repealed.

lee urges that the writ was properly set aside —because,

1. Issued without any previous notice to the defendant.

2. The plaintiff was an assignee, and had no right to the writ, as he did not prove he had given any consideration to the assignor.

3. The authority of the plaintiff's agent was not shown.

4. No notice of the assignment had been given to the debtor.

5. The oath was not taken by the party, but by his agent.

I. On the first point, the Code of Practice, 735 and 736 is relied on. We think the notice there spoken of, is that which the sheriff is to give before a seizure. For the code requires, that besides the ordinary delay, the defendant should have further time, in proportion to the distance of the residence of the Judge to whom the petition is presented.

II. On the second, the counsel relies on *Nichols* vs. *De Ende, vol.* 3, 310. *Wray* vs. *King,* 10 *Martin* 220. *Cur. Phil. Executante, n.* 18.

In the first case, we held that when the

plaintiff is not the defendant's original creditor, he must produce authentic evidence of his own title to the debt; and on the other, that a writ of seizure and sale could not issue in favour of an indorser on parol proof of the indorsement. The *Curia Philipica*, indeed, requires that the plaintiff, before he obtains the writ, should prove the amount he paid to the assignor, in some other manner than the confession of the assignor. This we take to be a rule of practice which is now repealed by the act of 1828.

III. The same book requires the Judge, before he grants a writ of seizure and sale, to consider *si la execucion se pide, en virtud de poder del acreedor. Pedimiento, n.* 13. In the present case the petition is signed by a sworn attorney, who, till the contrary be proved, is always presumed not to act without being employed. *Hayes* vs. *Cuny*, 9 *Martin*, 87.

IV. The notice required by the Civil Code 613 to the debtor, of the assignment of the debt, has for its object, to prevent his paying it to the assignor, or the creditors of the latter from seizing it. The demand which must

ROWLETT
vs.
SHEPHERD.

precede the seizure is the only notice required before enforcing payment by the assignee.

V. That part of the Civil Code 3361, which required an oath from the plaintiff is repealed by the Code of Practice 734, which provides that he may obtain a writ of seizure and sale on a simple petition.

We think the writ in the present case ought not to have been set aside.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, the writ of seizure and sale reinstated, and the case remanded for further proceedings according to law, the appellee paying costs in both courts.

*Grymes* for plaintiff—*Slidell* for defendant.